IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alwin T. Jones,<br><br>Petitioner,<br><br>vs.<br><br>Gary Lane, Warden, Kershaw Correctional Institution,<br><br>Respondent. | C/A No.: 2:17-2128-JFA-MGB<br><br>**ORDER** |

## I. INTRODUCTION

Alwin T. Jones, ("Petitioner"), is currently confined within the South Carolina Department of Corrections. Petitioner, through counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On October 10, 2017, Gary Lane ("Respondent") filed a Motion for Summary Judgment and filed a return with a memorandum of law in support. (ECF Nos. 6–8). On December 14, 2017, Petitioner, through counsel, responded. (ECF No. 14). On December 21, 2017, Respondent replied to Petitioner's response. (ECF No. 15). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's Motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a

1

Summary Judgment because the petition is untimely; Plaintiff is not entitled to equitable tolling; and Petitioner's claim has no merit. (ECF No. 17). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner was advised of his right to object to the Report, which was entered on the docket on July 24, 2018. (ECF No. 17). Petitioner, through counsel, filed objections to the Report ("Objections") on August 20, 2018. (ECF No. 20). On September 4, 2018, Respondent filed a Reply to Petitioner's Objections. (ECF No. 21). Thus, this matter is ripe for review.

## II. STANDARD FOR SUMMARY JUDGEMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to

---

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III. DISCUSSION

Within his petition for writ of habeas corpus, Petitioner sets forth the following ground for relief (verbatim): "Violation of Due Process, Newly Discovered Evidence – Ministerial Recorder lacked authority to issue arrest warrant for Armed Robbery." (ECF No. 1). The Report thoroughly outlines the applicable legal standards and properly analyzes the claim for relief before recommending that Respondent's Motion for Summary Judgment should be granted. The Magistrate Judge opines that the petition is untimely; Petitioner is not entitled to equitable tolling; and Petitioner's claim has no merit. (ECF No. 17). Petitioner, through counsel, makes two specific objections to the Report. (ECF No. 20).

Initially, Petitioner objects to the recommendation that the statute of limitations should not be equitably tolled. The Magistrate Judge agrees with Respondent's contention that the § 2254 petition must be barred in this Court because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Additionally, the Magistrate Judge has carefully reviewed the record and finds no basis for equitable tolling in this case.

The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The Report recites the factual and procedural background giving rise to this action. Briefly, on August 26, 1999, Petitioner pled guilty to three counts of first degree burglary, three counts of second degree burglary, and armed robbery. Petitioner was sentenced to fifteen years on each conviction for second degree burglary, thirty years on each conviction for first degree burglary, and thirty years on the conviction for armed robbery; all sentences were set to run concurrently.

**A. Applying § 2244(d)(1)(A), the instant petition is untimely by more than fourteen years.**

The Magistrate Judge opines that Petitioner's habeas petition was clearly not filed within the one-year time frame set forth in § 2244(d)(1)(A). Pursuant to Rule 203(b)(2) of the South Carolina Rules of Appellate Procedure, "[a]fter a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed." On August 26, 1999, Petitioner was sentenced and did not appeal, so his conviction became final ten days later on September 7, 1999. S.C. R. App. P. 203(b)(2); *see, e.g.*, *Edward v. Mauney*, Civ. A. No. 9:15-2911-BHH, 2016 WL 6574157, at *2 (D.S.C. Nov. 7, 2016) ("Here, . . . Petitioner's conviction became final on June 28, 2010, ten days after he was sentenced, as he did not file a direct appeal of his conviction and sentence."); *Mack v. Warden, Trenton Corr'l Inst.*, Civ. A. No. 4:16-838-HMH-TER, 2016 WL 4761613, at *2 (D.S.C. Sept. 13, 2016) ("[The petitioner] was sentenced on December 27, 2012, and did not file a direct appeal. Therefore, [the petitioner's] conviction became final ten days later on January 7, 2013, the expiration of the time period for filing a timely direct appeal in state court.").

The statute of limitations ran until Petitioner filed his first application for post-conviction relief ("PCR") on December 28, 1999. 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d

325, 327 (4th Cir. 2000) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). When Petitioner filed his first PCR application, 112 days of non-tolled time had passed. After a hearing, on August 7, 2001, Petitioner's first application for PCR was denied and the petition was dismissed. Petitioner appealed, and on December 28, 2001, through counsel, filed a *Johnson* Petition for Writ of Certiorari. Petitioner's counsel also filed a petition to be relieved as counsel, and Petitioner filed a *pro se* response to the *Johnson* petition. On April 18, 2002, the Supreme Court of South Carolina denied the petition for a writ of certiorari and granted counsel's request to withdraw.

On May 7, 2002, the lower court filed the remittitur from Petitioner's first PCR appeal. Because the statute of limitations was tolled while Petitioner's first PCR application was pending, the statute was tolled from December 28, 1999 until May 7, 2002. *See* 28 U.S.C. § 2244(d)(2). Petitioner's second and third PCR actions did not toll the limitations period, as they were dismissed as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (stating that a petitioner is not entitled to statutory tolling under § 2244(d)(2) if a state PCR court rejects his petition as untimely). The statute of limitations began running again on May 8, 2002, and expired 253 days later, on January 16, 2003. *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (explaining that the day of the event from which the statute of limitations begins to run is excluded in calculating the one-year period). Petitioner, through counsel, did not file the instant habeas petition until August 11, 2017. Thus, using the time period set forth in § 2244(d)(1)(A), the instant petition is untimely by more than fourteen years.

    **B. Applying § 2244(d)(1)(D), the instant petition is still untimely by more than six months.**

The Magistrate Judge opines that Petitioner's habeas petition was also clearly not filed within the one-year time frame set forth in § 2244(d)(1)(D). On March 6, 2012, Petitioner filed a fourth application for PCR asserting that he was in custody unlawfully due to "newly discovered evidence." According to Petitioner's filing in his fourth application for PCR, he "[d]iscovered on March 17, 2011 that John C. Sharpe who signed the arrest warrant as issuing Judge lacked authority to do so." Essentially, Petitioner challenged the qualifications of the ministerial recorder who signed Petitioner's arrest warrant. The State filed a Return and Motion to Dismiss. After a hearing, on July 17, 2014, the state court judge denied the State's Motion to Dismiss. In that same order, the judge denied the application for post-conviction relief and dismissed the petition. Petitioner appealed, and on August 31, 2015, through counsel, filed a Petition for Writ of Certiorari. On December 16, 2016, the Supreme Court of South Carolina denied the petition for a writ of certiorari. The remittitur was filed in the lower court on January 6, 2017.

Under § 2244(d)(1)(D), the one-year statute of limitations begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, using Petitioner's date of March 17, 2011 when he claims he discovered "new evidence," under § 2244(d)(1)(D), the one-year statute of limitations began running on March 18, 2011. The statute was then tolled when Petitioner filed his fourth application for PCR on March 6, 2012. At that time, 354 days of non-tolled time had passed. After the remittitur was filed in the lower court on January 6, 2017, the statute of limitations began running again on or about January 9, 2017, and expired eleven days later, on January 20, 2017. Therefore, in light most favorable to Petitioner, when Petitioner filed the instant § 2254 petition on August 11, 2017, it was untimely by over six months under § 2244(d)(1)(D).

**C. Petitioner is not entitled to equitable tolling.**

Next, the Magistrate Judge opines that Petitioner cannot establish grounds or show extraordinary circumstances that the one-year limitations period should be equitably tolled. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner acknowledges that the petition is

outside of the one-year time limitation period, but objects to the Magistrate Judge's recommendation that the statute of limitations is not subject to equitable tolling.

While § 2244(d) is subject to the principles of equitable tolling, the petitioner must show that (1) he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from doing so. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003); *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004). Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d at 246; *see also Sosa*, 364 F.3d at 512.

The Fourth Circuit has held in *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000), that rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Petitioner objects to the Report and argues that he is entitled to equitable tolling because (1) he has been diligently pursuing his legal remedies available, and (2) "[a]n extraordinary circumstance did stand in Petitioner's way: Petitioner's incarceration and the difficulty in handling anything legal or obtaining counsel while housed in a corrections facility." (ECF No. 20). Here, Petitioner has diligently pursued his rights in state court through his four PCR applications and appeals of those applications. However, as to the second prong to warrant

equitable tolling, the Court does not find that Petitioner's circumstances, external or individual, are such to create a gross injustice.

Here, Petitioner argues that he discovered "new evidence" on March 17, 2011 that the ministerial recorder lacked authority to sign his warrant. Even using Petitioner's date as the starting point for the statute of limitations, the instant § 2254 petition is still untimely by more than six months. Petitioner has not demonstrated that extraordinary circumstances prevented him from filing this action on or before January 20, 2017. *See Bogan v. South Carolina*, 204 F. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); *see also Parmaei v. Jackson*, 378 F. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court.").

In *Hutley v. Warden, Lieber Correctional Institution*, the United States District Court for the District of South Carolina, citing to the Fourth Circuit, reasoned that "[c]ourts have held that 'unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling.'" *Hutley v. Warden, Lieber Corr. Inst.*, No. CV 9:17-2962-TMC, 2018 WL 3303283, at *2 (D.S.C. July 5, 2018) (citing *Harris*, 209 F.3d at 330–32.) In *Hutley*, the petitioner argued "that the history of his underlying case warrants a finding of exceptional circumstances because he has been incarcerated in the South Carolina Department of Corrections (SCDC) with limited resources and limited access to legal materials." *Id.* The court overruled the petitioner's objection because he failed to show grounds for equitable tolling and stated:

> Petitioner's incarceration, as described, fails to qualify as exceptional circumstances. *See Cannon v. Bazzle,* No. 9:05–0753, 2005 WL 2838116 (D.S.C. Sept. 30, 2005) (finding that the petitioner's bare allegations that he was denied access to adequate legal resources were not sufficient, standing alone, to entitle him to equitable tolling); *Corrigan v. Barbery,* 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as . . . restricted access to the law library . . . do not by themselves qualify as extraordinary circumstances.").

*Id.* at *3.

Here, Petitioner objects and asserts the bare allegation that the extraordinary circumstance of "incarceration and the difficulty in handling anything legal or obtaining counsel while housed in a corrections facility" stood in his way. However, similar to *Hutley*, being incarcerated with limited resources and limited access to legal materials does not qualify as extraordinary circumstances. Further, as the Fourth Circuit has explained, unfamiliarity with the legal process or lack of representation does not constitute grounds for equitable tolling. Thus, Petitioner's objection is without merit and is overruled.

This Court has carefully reviewed the record and Petitioner's objections to the Report and agrees with the Magistrate Judge that Petitioner provides no basis for equitable tolling. Even if Petitioner has shown that he acted with reasonable diligence in pursuing his claims in state court as evidenced by Petitioner's multiple filings of PCR applications and appeals from those applications, Petitioner has not shown any extraordinary circumstances which prevented him from filing a habeas petition on or before January 20, 2017. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Because the petition is untimely under the AEDPA, Petitioner is barred from seeking federal habeas relief in this Court.

**D. A discussion of the merits of Petitioner's claim is not warranted.**

Petitioner also objects to the Magistrate Judge's discussion of the merits of Petitioner's claim. However, because this Court has determined that Petitioner's habeas petition is barred by

the statute of limitations and that Petitioner is not entitled to equitable tolling, a discussion of the merits of the claim in unnecessary. Thus, Petitioner's objection is overruled.

## IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference, and Petitioner's objections are overruled. Accordingly, Respondent's Motion for Summary Judgment is granted and Petitioner's habeas petition is dismissed with prejudice. It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDER.**

_____
JOSEPH F. ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 21, 2018
Columbia, SC

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."